UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY BUCHANAN,

                Petitioner,

    -against-                              9:15-cv-0407 (LEK)

P. CHAPPIUS,

                Respondent.

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Anthony Buchanan ("Petitioner") filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, dated March 19, 2015. Dkt. No. 1 ("Petition").[1] He challenges his judgment of conviction, following a jury trial in Albany County Court, of ten counts of drug and weapon possession charges. Id. at 1. Petitioner raises four grounds for habeas relief: (1) that he was denied due process and a fair trial "by the People's eliciting evidence of uncharged drug activity" during the trial; (2) the verdict was not supported by legally sufficient evidence and was against the weight of the evidence; (3) ineffective assistance of trial counsel; and, (4) ineffective assistance of appellate counsel. Id. at 4-5. Respondent opposes the Petition. Dkt. Nos. 7 ("Response"); 7-1, ("Response Memorandum"); 8-1, 8-2 ("State Court Record");[2] 8-3, 8-4 ("Transcript"). For following reasons, the Petition is denied and dismissed.

---

[1] The cited page numbers for the Petition refer to those generated by the Court's electronic filing system ("ECF").

[2] The citations to the State Court Records refer to the consecutive pagination, prefixed "SR," found at the top center of each page of those records.

## II. BACKGROUND

In August 2001, Petitioner became the target of a police narcotics investigation in the city of Albany, New York. Tr. at 338:6-21. The investigation included surveillance of Petitioner as he went back and forth from 46 Lexington Avenue and 677 Third Street, his suspected residence in Albany, over a period of days. Tr. at 340:2-346:13. After observing Petitioner drive to and from the two locations over the course of the month, police set up fixed surveillance near 46 Lexington Avenue on August 31, 2001. Tr. at 346:11-13. That day, police observed Petitioner entering and exiting the building twice. Tr. at 383:17-386:6. Each time Petitioner exited the building, he was observed holding a plastic bag containing a large off-white chunky substance which Petitioner would then give to a companion, who then placed the substance in his pants. Tr. at 384:25-385:4, 386:1-5. Based on these observations, along with several controlled buys with the assistance of confidential informants, the police obtained and executed a search warrant at both locations. SCR at SR 396-399. The police recovered several weapons and over ten ounces of crack cocaine, among other things. Tr. at 352:4-20, 354:18-25, 431:6-432:22.

An Albany County grand jury returned an indictment charging Petitioner with First Degree Criminal Possession of a Controlled Substance (N.Y. Penal Law § 220.21(1)), Second Degree Criminal Possession of a Controlled Substance (N.Y. Penal Law § 220.18(1)), two counts of Third Degree Criminal Possession of a Controlled Substance (N.Y. Penal Law § 220.16(1)), two counts of Criminally Using Drug Paraphernalia in the Second Degree (N.Y. Penal Law § 220.50(2), (3)), and four counts of Third Degree Criminal Possession of a Weapon (N.Y. Penal Law § 265.02(1), (4)). SCR at SR 51-60.

Petitioner proceeded to trial before a jury in Albany County Court and was convicted of all

counts. SCR at SR 49. On July 19, 2002, Petitioner was sentenced as a second felony offender, to an aggregate prison term of 21 years to life. Id. On May 12, 2012, the Appellate Division, Third Department, unanimously affirmed Petitioner's conviction.[3] The New York Court of Appeals denied leave to appeal on December 3, 2013. People v. Buchanan, 944 N.Y.S.2d 378 (App. Div. 2012), lv denied, 22 N.Y.3d 1039 (2013).

## III. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2); Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Premo v. Moore, 562 U.S. 115, 120-21 (2011); Schriro v. Landrigan, 550 U.S. 465, 473 (2007). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." Felkner v. Jackson, 562 U.S. 594, 598 (2011) (per curiam) (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

The Supreme Court has repeatedly explained that "a federal habeas court may overturn a

---

[3] Petitioner previously filed a habeas petition under 28 U.S.C. § 2254 on October 12, 2010, raising as his sole ground for relief that the delay in processing his direct appeal constituted a denial of due process. Buchanan v. Bezio, No. 9:10-cv-1228 (N.D.N.Y. filed Oct. 14, 2010), Dkt. No. 1. On February 27, 2012, the district court denied the petition, holding that "the Supreme Court, while recognizing the right to a 'speedy trial,' has not yet recognized a similar right to a 'speedy appeal.'" Id., Dkt. No. 13 at 4 n.13 (citing Barker v. Wingo, 407 U.S. 514 (1972)).

3

state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" Nevada v. Jackson, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013) (explaining that a petitioner in a habeas case premised on § 2254(d)(1) must "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'" (quoting Harrington, 562 U.S. at 103)).

Additionally, the AEDPA foreclosed "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Parker v. Matthews, 132 S. Ct. 2148, 2149 (2012) (per curiam) (quoting Renico, 559 U.S. at 779). A state court's findings are not unreasonable under § 2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion. Wood v. Allen, 558 U.S. 290, 301 (2010). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro, 550 U.S. at 473.

Federal habeas courts must presume that the state court's factual findings are correct unless a petitioner rebuts that presumption with "clear and convincing evidence." Id. at 473-74 (quoting § 2254(e)(1)). Finally, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits . . . ." Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013).

**B. Ground One – Admission of Uncharged Crimes**

Petitioner claims he was denied due process of law and a fair trial when the trial court

4

allowed the prosecution to admit evidence of Petitioner's uncharged drug activities without first obtaining a pre-trial <u>Molineux</u>/<u>Ventimiglia</u> ruling.[4] Pet. at 4. As he did on direct appeal, Petitioner argues that the prejudicial impact of allowing a police officer to testify at trial about his observations of Petitioner's uncharged drug activities "substantially outweighed its probative value." <u>Id.</u> For the following reasons, this claim is denied.

Prior to trial, the prosecution made a <u>Molineux</u> application seeking to admit as evidence an uncharged drug sale Petitioner allegedly made to a confidential informant on August 31, 2001. SCR at SR 237-49. The trial court denied the request after a <u>Molineux</u>/<u>Ventimiglia</u> hearing.

During the trial, however, Detective Jeffrey Roberts testified regarding his observations while conducting surveillance of Petitioner on August 31, 2001. <u>See</u> Tr. at 373-404. He testified that on that date, he was performing surveillance near 46 Lexington Avenue when he observed Petitioner engage in what appeared to be two separate drug exchanges with a Philip Stanfield ("Stanfield").[5] Tr. at 382:12-386:6. Detective Roberts testified to observing Petitioner and

---

[4] <u>People v. Molineux</u>, 168 N.Y. 264 (1901), and <u>People v. Ventimiglia</u>, 52 N.Y.2d 350 (1981), describe the New York procedure for determining in advance of trial whether evidence of uncharged bad acts and/or crimes is admissible for the purpose of showing, e.g., 1) motive, 2) intent, 3) absence of mistake or accident, 4) common scheme or plan, or 5) identity, and for determining whether the probative value outweighs the prejudicial effect.

[5] Stanfield was not a confidential informant, and was arrested along with Petitioner on August 31, 2001, as a result of the police investigation. <u>People v. Stanfield</u>, 777 N.Y.S.2d 546 (App. Div. 2004). Stanfield was charged and convicted of the crime of Criminal Possession of a Controlled Substance in the Third Degree. <u>Id.</u> Although the Appellate Division ruled that Stanfield's conviction was not against the weight of the evidence, it nevertheless remitted the case because the "Supreme Court improperly denied defendant's repeated requests for disclosure of the informant's identity," which was relevant to the issue of whether defendant had possession of the controlled substance. <u>Id.</u> at 548-59. In contrast to the trial court's ruling before Petitioner's trial, the court in <u>Stanfield</u> allowed the police to testify about the controlled buys Stanfield allegedly engaged in with a confidential informant. <u>Id.</u>

5

Stanfield enter and exit the building at 46 Lexington Avenue on two occasions. Id. Each time Petitioner exited the building, Detective Roberts saw Petitioner hand Stanfield a plastic bag containing a chunky off-white substance, which Stanfield would then place in his pants. Tr. at 384:25-385:4, 386:1-6. Detective Roberts did not state that he observed any sale between Petitioner and Stanfield, only that he witnessed Petitioner in possession of a white substance. Id. Detective Roberts videotaped these activities, and the video was received into evidence and shown to the jury. Tr. at 387:22-389:19.

Petitioner's counsel moved for a mistrial, arguing that Petitioner was "denied a fair trial" as a result of the admission of Detective Roberts' testimony concerning the uncharged drug activities. Tr. at 412:17-414:22. Although the trial court admonished the prosecution for not including the uncharged acts as part of its Molineux application, Tr. at 416:1-2, the court went on to hold a Molineux/Ventimiglia discussion on the record, and concluded that the uncharged crimes were "inextricably intertwined with the events and investigation that day," and tended to prove Petitioner's knowledge, dominion over the premises, and intent, Tr. at 416:1-418:9. Petitioner's motion for a mistrial was denied. Tr. at 418:9.

The trial court's evidentiary ruling was an exercise of discretion, grounded in state law, and is not properly reviewed by the Court in a habeas proceeding. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1999) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Sirico v. N.Y. Att'y Gen., No. 12-CV-0358, 2015 WL 3743126, at *7 (E.D.N.Y. June 15, 2015) ("As a threshold matter, Molineux sets forth a state evidentiary rule, not a rule of clearly established

federal law, and 'it is not the province of a federal habeas court to re-examine state court determinations of state-law questions.'" (quoting Cox v. Bradt, No. 10-CV-9175, 2012 WL 2282508, at *14 (S.D.N.Y. June 15, 2012))); Sudler v. Griffin, No. 12-CV-0367, 2013 WL 4519768, at *3 (N.D.N.Y. Aug. 26, 2013) ("A decision to admit evidence of a defendant's uncharged crimes or other bad acts under People v. Molineux . . . constitutes an evidentiary ruling based on state law.").

In any event, Petitioner has not demonstrated that his constitutional right to a fair trial was violated. "Federal courts may issue a writ of habeas corpus based upon a state evidentiary error only if the petitioner demonstrates that the alleged error violated an identifiable constitutional right, and that the error was 'so extremely unfair that its admission violates fundamental conceptions of justice.'" Sudler, 2013 WL 4519768, at *3 (quoting Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998)) (quoting Dowling v. United States, 493 U.S. 342, 352 (1990)); see also Evans v. Fischer, 712 F.3d 125, 133-35 (2d Cir. 2013) (holding that a state appellate court's determination that it was harmless error to admit certain hearsay testimony was not an unreasonable application of due process law and did not render petitioner's trail fundamentally unfair).

Here, the Appellate Division held that "it is apparent that the contemporaneous uncharged sales were admissible to establish the intent to sell element under N.Y. Penal Law § 220.16(1), were inextricably interwoven with the drug possession charges and, finally, provided a complete and coherent narrative of the events leading to defendant's arrest." Buchanan, 944 N.Y.S.2d at 382 (internal citations omitted). The Appellate Division "had no quarrel with Supreme Court's determination that the uncharged sales were highly probative and admissible under one or more of the recognized Molineux exceptions," and was "satisfied that Supreme Court balanced 'the

7

probative value and the need for the evidence against the potential for delay, surprise and prejudice.'" Id. (quoting People v. Wilkinson, 892 N.Y.S.2d 535, 540 (App. Div. 2010)). Similarly, the Court is satisfied that the Appellate Division's decision finding the admission of the uncharged crimes did not violate Petitioner's right to a fair trail was not contrary to, or an unreasonable application of Supreme Court precedent. Dowling, 493 U.S. at 352.

### C. Ground Two – Weight and Sufficiency of the Evidence

Petitioner argues in Ground Two of his Petition that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Pet. at 4. Petitioner raised these claims on direct appeal, and the Appellate Division rejected them. SCR at SR 32-40; Buchanan, 944 N.Y.S.2d at 379. The Appellate Division went on to consider each of the elements of the crimes and found the evidence legally sufficient, and also concluded the verdict was not against the weight of the evidence. Buchanan, 944 N.Y.S.2d at 379-81.

*1. Sufficiency of the Evidence*

Respondent argues that Petitioner's legal sufficiency claim is procedurally barred by an adequate and independent state law ground. Resp. Mem. at 18-20. The Court agrees.

Federal habeas review of a state court decision is generally prohibited if the state court's rejection of the federal claim rested "on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991); see also Harris v. Reed, 489 U.S. 255, 261-62 (1989). "This rule applies whether the state law ground is substantive or procedural." Coleman, 501 U.S. at 729.

If the state court "explicitly invokes a state procedural bar rule as a separate basis for decision," the federal court is precluded from considering the merits of the federal claims in a

8

habeas petition.  Harris, 489 U.S. 255, 264 n.10; see also Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000) (stating that "[t]he state court must have actually relied on the procedural bar as an independent basis for its disposition of the case" in order to bar federal review in a habeas petition).  Moreover, if a state court explicitly finds that a petitioner failed to preserve an argument for appellate review, but alternatively, or "in any event," rules the argument is without merit, the procedural bar still applies.  Fama, 235 F.3d at 810 n.4.  If there is ambiguity, however, such as "when a state court uses language such as '[t]he defendant's remaining contentions are either unpreserved for appellate review or without merit,' the validity of the claim is preserved and is subject to federal review."  Id. at 810; see also Doe v. Perez, No. 13-CV-0921, 2015 WL 7444342, at *3 (N.D.N.Y. Oct. 30, 2015), adopted, 2015 WL 7432385 (N.D.N.Y. Nov. 23, 2015).

Under New York Law, challenges to the sufficiency of the evidence must be properly preserved for appellate review.  Pursuant to New York's contemporaneous objection rule, "appellate courts will review only those errors of law that are presented at a time and in a manner that reasonably prompted a judge to correct them during criminal proceedings."  Downs v. Lape, 657 F.3d 97, 103 (2d Cir. 2011); see N.Y. CRIM. PROC. LAW § 470.05(2) ("For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.").  The Second Circuit has held that "the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule."  Downs, 657 F.3d at 104.

Here, the Appellate Division rejected Petitioner's sufficiency of the evidence challenge due

9

to his failure to preserve it. Buchanan, 944 N.Y.S.2d at 380. The Appellate Division specifically stated that Petitioner's "initial claim—that the verdict is not supported by legally sufficient evidence —is unpreserved for our review in light of [Petitioner's] failure to make a particularized motion for dismissal at the close of the People's case." Id. (citing People v. Caston, 874 N.Y.S.2d 623, 625 (App. Div. 2009) ("Because his counsel made only a general motion to dismiss at the close of the People's case, defendant failed to preserve his claim regarding the legal sufficiency of the evidence.")); accord People v. Gray, 86 N.Y.2d 10, 20 (1995).

Since the Appellate Division based its denial of Petitioner's legal sufficiency claim on the contemporaneous objection rule, federal habeas review of the claim is barred by an adequate and independent state ground.[6] This bar to federal review may be lifted, however, if Petitioner can show cause for the default and resulting prejudice, or that the failure to review the claim will result in a "miscarriage of justice," i.e., that he is actually innocent. House v. Bell, 547 U.S. 518, 536-39 (2006); Maples v. Thomas, 132 S.Ct. 912, 922 (2012); Schlup v. Delo, 513 U.S. 298, 327 (1995). To establish cause, Petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule. Maples, 132 S.Ct. at 922.

Petitioner has not alleged or shown cause for the default of his sufficiency claim. Pet. Although Petitioner raises an ineffective assistance of counsel claim in his habeas petition, he does

---

[6] Petitioner has not argued the Appellate Division's application of the preservation rule was inadequate to preclude federal habeas review. Nor does the Court find anything in this record to conclude that the Appellate Division's application of the preservation rule in this case was an "exorbitant misapplication" that does not serve a "legitimate state interest." Downs, 657 F.3d at 102 (citing Walker v. Martin, 562 U.S. 307 (2011); Lee v. Kemna, 534 U.S. 362 (2002)); see also Green v. Haggett, No. 13-CV-0016, 2014 WL 3778587, at *5 (N.D.N.Y. July 31, 2014) (listing New York cases applying the preservation rule to parties arguing on appeal that the evidence was legally insufficient).

10

not identify his trial counsel's failure to preserve his sufficiency claim as a basis for that claim. See id.[7] Furthermore, as discussed below, Petitioner's ineffective assistance of trial counsel claim is without merit, and therefore does not serve as "cause" for a procedural default. Murray v. Carrier, 477 U.S. 478, 488-89 (1986). Therefore, having failed to raise or demonstrate cause, the Court need not decide whether Petitioner suffered actual prejudice. Id. at 495-96. Petitioner has also failed to present any new evidence that he is "actually innocent" of the crimes for which he was convicted, and that failure to review this claim would result in a "miscarriage of justice." House, 547 U.S. at 536-39; Schlup, 513 U.S. at 327. Accordingly, Petitioner's legal sufficiency claim is therefore barred from habeas review and is denied and dismissed.[8]

### 2. *Weight of the Evidence*

Petitioner raised his weight of the evidence claim on direct appeal and the Appellate Division rejected it. Buchanan, 944 N.Y.S.2d at 380. To the extent that Petitioner challenges the weight of the evidence supporting his conviction, such argument is grounded in New York's Criminal Procedure Law § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was,

---

[7] The ineffectiveness of counsel for not preserving a claim in state court may be sufficient to show cause for a procedural default, but only when counsel's performance was so ineffective that the representation violated the petitioner's Sixth Amendment right to counsel. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

[8] The Appellate Division considered "the evidence adduced as to each of the elements of the challenged crimes" for which Petitioner was convicted because he also raised a state-law weight of the evidence claim which, unlike sufficiency of the evidence, did not require preservation. Buchanan, 944 N.Y.S.2d at 380. As discussed in section III.C.2, Petitioner's weight of the evidence claim is not cognizable on federal habeas review. However, inasmuch as the Appellate Division ruled that the elements of each crime was proven, that ruling was not contrary to or an unreasonable application of clearly established Supreme Court precedent. Jackson v. Virginia, 443 U.S. 307 (1979).

11

in whole or in part, against the weight of the evidence." N.Y. CRIM. PROC. LAW § 470.15(5). Since weight of the evidence claims are grounded in state criminal procedure law, they are not cognizable on federal habeas review. See 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991))); McKinnon v. Sup't Great Meadow Corr. Facility, 422 F. App'x 69, 75 (2d Cir. 2011) ("[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus."); Clairmont v. Smith, No. 12-CV-1022, 2015 WL 5512832, at *18 (N.D.N.Y. Sept. 16, 2015) (holding that the petitioner's argument that the verdict was against the weight of the evidence "states a claim only under state law, [and] is not cognizable on habeas corpus"). Petitioner's weight of the evidence claim is therefore denied and dismissed.

**D. Grounds Three and Four – Ineffective Assistance of Counsel**

Grounds Three and Four of the Petition assert that Petitioner was denied the effective assistance of counsel. Pet. at 5.

In Ground Three, Petitioner maintains his trial counsel was ineffective for not challenging the sufficiency of the search warrant in a Darden hearing, and otherwise not moving to suppress the evidence seized upon execution of the search warrant. Id. The Appellate Division rejected this claim on the merits and, as articulated below, the Court finds the Appellate Division's decision was not contrary to, or an unreasonable application of the Supreme Court precedent set forth in Strickland v. Washington, 466 U.S. 668 (1984).

12

In Ground Four Petitioner argues that his appellate counsel failed to timely seek leave to pursue a discretionary appeal to the New York State Court of Appeals. Pet. at 5. Petitioner's claim is not cognizable on habeas review and is also denied.

   *1. Standard of Review*

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must show "both deficient performance by counsel and prejudice." Premo v. Moore, 562 U.S. 115, 121 (2011) (quoting Knowles v. Mirzayance, 556 U.S. 111, 122, 129 (2009)); Strickland v. Washington, 466 U.S. 668, 694 (1984). Deficient performance requires a showing that counsel's performance fell below an objective standard of professional reasonableness. Premo, 562 U.S. at 121; Harrington, 562 U.S. at 104. "Strickland does not guarantee perfect representation, only a reasonably competent attorney." Harrington, 562 U.S. at 110 (quoting Strickland, 466 U.S. at 687). A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Even assuming a petitioner can establish counsel was deficient, he still must demonstrate prejudice. Id. at 693-94. This requires more than showing "the errors had some conceivable effect on the outcome," but that the counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687, 693.

Meeting this burden is "never an easy task . . . [and] establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Premo, 131 S. Ct. at 739-40. When reviewing a state court's decision under § 2254, "[t]he question is not whether a federal court believes the state court's determination under the Strickland standard was

13

incorrect but whether that determination was unreasonable—a substantially higher threshold." Knowles, 556 U.S. at 123. Federal habeas courts "must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)" because "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." Harrington, 562 U.S. at 105. Instead, "the question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. Finally, it is "difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." Id. at 111.

*2. Ineffective Assistance of Trial Counsel*

Petitioner contends his trial counsel was ineffective because his counsel did not request a Darden hearing to assess the reliability of a confidential informant who provided the basis for the search warrant, and otherwise was ineffective in failing to move to suppress the evidence seized upon execution of the warrant. Pet. at 5.

Where, as here, the "defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); see also United States v. Cox, 59 F. App'x 437, 439 (2d Cir. 2003); United States v. Tisdale, 195 F.3d 70, 71 (2d Cir. 1999). Furthermore, "[a]lthough a meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim like [Petitioner's], a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief." Kimmelman, 477 U.S. at 382. A counsel's "failure to file a suppression motion does not constitute per se ineffective assistance of counsel." Id. at 384.

14

Instead, only petitioners who can demonstrate under Strickland that "they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence." Id. at 382; see also Palacios v. Burge, 589 F.3d 556, 561 (2d Cir. 2009).

Finally, a petitioner must do more than show a constitutional violation on habeas review. Because Petitioner's ineffective assistance of counsel claim was rejected by the Appellate Division on the merits, see Buchanan, 944 N.Y.S.2d at 382-83, Petitioner "must also show that the state court's 'application of Strickland was not merely incorrect, but objectively unreasonable.'" Palacios, 589 F.3d at 561-62 (quoting Hemstreet v. Greiner, 491 F.3d 84, 89 (2d Cir. 2007)).

As the Appellate Division stated, during the trial "[defense] counsel provided cogent opening and closing statements, made appropriate motions and objections—including a motion for a mistrial—and effectively cross-examined the People's witnesses." Buchanan, 944 N.Y.S.2d at 382. With regard to counsel's alleged ineffectiveness for failing to request a Darden hearing, Petitioner merely restates his claim made on direct appeal that "[f]or reasons that cannot be deemed strategic, the defense attorney never moved for a suppression hearing in a case where the accused was charged with possessing more than six ounces of crack cocain, drug paraphernalia, and guns." Pet. at 5.

Petitioner "has not shown that a meritorious issue existed regarding the confidential informant's identity and reliability such that the trial judge would have found the confidential information unreliable and suppressed the drugs and drug paraphernalia recovered from his bedroom." Anderson v. Philips, No. 03-CV-5192, 2005 WL 1711157, at *6 (E.D.N.Y. July 20, 2005) (citing Kimmelman, 477 U.S. at 375); see Tolliver v. Greiner, No. 02-CV-0570, 2005 WL

15

2179298, at *8 (N.D.N.Y. Sept. 8, 2005) (holding that defense counsel did not render ineffective assistance by failing to move to suppress evidence obtained pursuant to search warrant; petitioner did not allege any facts in his petition or in state court demonstrating how the affidavit filed in support of the search warrant was untrue or misleading), adopted 2005 WL 2437021 (N.D.N.Y. Sept. 30, 2005). Since Petitioner has not presented any evidence suggesting a Darden hearing would have been successful, his counsel's failure to request such a hearing was not objectively unreasonable. Cf. Tisdale, 195 F.3d at 73-74 ("Trial counsel's failure to bring a meritless suppression motion cannot constitute ineffective assistance."). Accordingly, the Appellate Division's decision rejecting Petitioner's claim of ineffective assistance of trial counsel was not contrary to, or an unreasonable application of Strickland, and Petitioner's third ground for relief is denied and dismissed.

### 3. Ineffective Assistance of Appellate Counsel

Petitioner argues in Ground Four of his Petition that he was denied the right to effective assistance of appellate counsel. Pet. at 5. Specifically, he claims his appellate counsel failed to timely seek leave to appeal to the New York State Court of Appeals. Id. In opposition, Respondent argues the claim is unexhausted and plainly meritless. Resp. Mem. at 25-26.

A claim of ineffective assistance of appellate counsel is reviewed under the same standard set forth in Strickland. See Smith v. Robbins, 528 U.S. 259, 285 (2000) ("[T]he proper standard for evaluating [a petitioner's] claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in Strickland v. Washington."); Smith v. Murray, 477 U.S. 527, 535-36 (1986) (applying Strickland to claim of appellate error); Chrysler v. Guiney, 806 F.3d 104, 117-18 (2d Cir. 2015). To satisfy the rigorous Strickland standard when reviewing appellate counsel's

16

performance, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." Giraldi v. Bartlett, 27 F. App'x 75, 77 (2d Cir. 2001) (quoting Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000)). Petitioner must show that appellate counsel's performance was "outside the wide range of professionally competent assistance," and that there is a "reasonable probability" that, but for the deficiency in performance, the outcome of the proceeding would have been different. Id. (quoting Strickland, 466 U.S. at 690).

After filing his federal habeas petition, Petitioner filed an application for a writ of error *coram nobis* in the Appellate Division. Dkt. No. 9 ("Motion for Stay"). Petitioner then sought permission to stay the habeas proceedings until his state application was decided. Id. at 3-4. Respondent opposed the Motion for a stay. Dkt. No. 10. On October 15, 2015, the Court denied the request for a stay, holding that Petitioner "failed to establish good cause for not exhausting those claims before seeking federal habeas relief." Dkt. No. 11 ("Decision and Order") at 2-3. Shortly thereafter, on October 22, 2015, the Appellate Division denied Petitioner's application for a writ of error *coram nobis*.[9] On January 19, 2016, the Court of Appeals denied Petitioner's application for leave to appeal the *coram nobis* motion. Therefore, Petitioner's claim of appellate counsel ineffectiveness is now exhausted, and is subject to AEDPA standards of review.

Petitioner's claim of ineffective assistance relates solely to his appellate counsel's alleged

---

[9] The Court takes judicial notice of the Order of the New York State Court of Appeals denying Petitioner's application for leave to appeal the Order of the Appellate Division, Third Department, which denied his application for a writ of error *coram nobis*. See Ariola v. LaClair, No. 08-CV-116, 2014 WL 4966748, at *22 n.2 (N.D.N.Y. Sept. 30, 2014) ("The court also looks to, and takes judicial notice of, matters of public record, including certain documents filed in other courts.").

17

failure to seek leave to pursue a discretionary appeal to the New York State Court of Appeals. Habeas relief, however, is not available for such claims. The Supreme Court has held that a petitioner's "right to counsel is limited to the first appeal as of right," Hernandez v. Greiner, 414 F.3d 266, 269 (2d Cir. 2005) (quoting Evitts v. Lucey, 469 U.S. 387, 394 (1985)), and has also ruled there is no constitutional right to counsel to pursue discretionary appeals. See Chalk v. Kuhlmann, 311 F.3d 525, 528 (2d Cir. 2002) (citing Ross v. Moffitt, 417 U.S. 600, 610-11 (1974)). Furthermore, as relevant here, the Supreme Court specifically held in Wainwright v. Torna, that habeas relief may not be granted based on a claim that a petitioner's counsel failed to timely file an application for discretionary review to the state's highest court. Wainwright, 455 U.S. 586, 587 (1982).

Here, Petitioner's counsel perfected an appeal on his behalf before the Appellate Division. Petitioner had no constitutional right to counsel to pursue further discretionary appellate review. Hernandez, 414 F.3d at 269. Nevertheless, and contrary to Petitioner's claim, his appellate counsel did, in fact, file a late application seeking leave to appeal to the Court of Appeals. SCR at SR 403-08. The record shows the Court of Appeals accepted the application and, on December 30, 2013, denied the application for leave. Id. at SR 409. Even assuming Petitioner had a right to counsel under these circumstances, there is no factual basis in the record for his claim. Therefore, the Appellate Division's decision rejecting his *coram nobis* motion was not contrary to, or an unreasonable application of Strickland, 466 U.S. 668, and Petitioner's Fourth Ground for relief is denied and dismissed.

**V. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DENIED and DISMISSED**; and it is further

**ORDERED**, that no Certificate of Appealability ("COA") shall issue because Petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires.[10] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals (FED. R. APP. P. 22(b)); and it is further

**ORDERED**, that the Clerk of the Court serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: March 11, 2016
Albany, NY

Lawrence E. Kahn
U.S. District Judge

---

[10] Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); see also Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation").